LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Jonathan D. Selbin
(*pro hac vice* to be filed)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Daniel M. Hutchinson
(*pro hac vice* to be filed)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (*pro hac vice* to be filed)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

KIM LAW FIRM LLC
Yongmoon Kim
Email:  ykim@kimlf.com
411 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Telephone:  (201) 273-7117
Facsimile:  (201) 273-7117

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAIME LYNN PRITCHARD, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>COMENITY BANK,<br><br>               Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jaime Lynn Pritchard (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Comenity Bank (hereafter "Comenity") in contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA"). Comenity has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA. Plaintiff brings this action for injunctive relief and statutory damages resulting from Comenity's illegal actions.

## JURISDICTION AND VENUE

2. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Comenity because, as Comenity is authorized to do business in New Jersey and the conduct at issue occurred in or was directed toward individuals in the state of New Jersey, Comenity has established minimum contacts showing it has purposefully availed itself of the resources and protection of the State of New Jersey.

5. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Comenity is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Comenity's contacts with this District are sufficient to subject it to personal jurisdiction.

6. Venue in the Newark Vicinage is proper because Plaintiff's permanent residence is located in Ramsey, Bergen County, New Jersey.

## PARTIES

7. Plaintiff Jaime Lynn Pritchard is and at all times mentioned herein was, an individual citizen of the State of New Jersey.

8. Defendant Comenity Bank is a Delaware corporation with its headquarters and principal place of business in Columbus, Ohio.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telephone practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

11. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

13. In the same Declaratory Ruling, the FCC emphasized that creditors and their third party debt collectors are liable under the TCPA for debt collection calls made on the creditors' behalf. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.").

14. On July 10, 2015, the FCC released new guidance with regard to the definition of autodialers under the TCPA. In particular, the FCC clarified that "autodialers need only have the capacity to dial random and sequential numbers, rather than the present ability to do so."[6] In doing so, it rejected the proposed "human intervention" test, which would require

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] 2008 FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2015 FCC Declaratory Ruling"), 2015 WL 4387780 (F.C.C.) (2015) (¶ 15).

plaintiffs to demonstrate that the system in question made the calls without any "human intervention" in the process.[7]

15. In the same 2015 FCC ruling, the agency also clarified that a "called party" under the TCPA "is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan."[8] In doing so, the FCC clarified that the relevant test for TCPA purposes is whether the party who the debt collector *actually reached* provided consent, not the party the debt collector was *trying* to reach with the call.[9]

## FACTUAL ALLEGATIONS

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. On or around November 30, 1993, Plaintiff's mother, Lisa Pritchard, opened a Victoria's Secret branded credit card. Upon information and belief, Victoria's Secret credit cards are issued by Comenity.

18. Plaintiff does not have, and has never had, a Victoria's Secret or other Comenity issued credit card.

19. On March 24, 2015, Plaintiff received a telephone call on her cellular telephone from telephone number 866-834-1080. Upon information and belief, this number is associated with Northland Group, Inc. ("Northland"), a debt collection firm. Plaintiff did not pick up the call. The caller did not identify why or on whose behalf Northland was contacting Plaintiff.

20. From March through July 2015, Plaintiff received additional calls from Northland from the 866-834-1080 telephone number.

---

[7] 2015 FCC Declaratory Ruling (¶ 20).
[8] *Id.* at (¶ 73).
[9] *Id.* at (¶ 78).

21. On April 28, 2015, Plaintiff received a telephone call on her cellular telephone from telephone number 866-444-4831. Upon information and belief, this number is also associated with Northland. Plaintiff did not pick up the call. The caller did not identify why or on whose behalf Northland was contacting Plaintiff.

22. Plaintiff picked up a call from telephone number 866-834-1080 on July 28, 2015 but the call was immediately disconnected, which is an indicator that the call was placed using an automated dialer.

23. On July 28, 2015, Plaintiff's mother called 866-834-1080, for the purpose of attempting to identify why and on whose behalf Northland was calling Plaintiff. A Northland customer service representative informed Plaintiff's mother that Northland had been calling Plaintiff on behalf of Comenity in connection with Plaintiff's mother's Victoria's Secret credit card account.

24. Upon information and belief, as a large debt collector and based on the nature of the calls Plaintiff received, Northland uses automated telephone dialing systems in the course of its collection activities.

25. Comenity is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

26. Pursuant to FCC Rulings and relevant case law, Comenity is directly liable for the TCPA violations of its debt collectors when such third parties make debt collection calls on behalf of Comenity

27. All telephone contact on behalf of Comenity to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

28. The telephone number on which Plaintiff was contacted on behalf of Comenity with an "artificial or prerecorded voice" and/or made by an "automatic telephone

dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

29. Plaintiff did not provide her "prior express consent" allowing Comenity or its debt collectors to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

30. Telephone calls made to Plaintiff's cellular phone on behalf of Comenity were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

31. Telephone calls to Plaintiff's cellular phone on behalf of Comenity utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

32. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Comenity to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.[10]

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as "the Class").

34. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after May 27, 2014, received a non-emergency telephone call from or on behalf of Comenity to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, and who did not have a contractual relationship with Comenity.

---

[10] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Comenity and any entities in which Comenity has a controlling interest, Comenity's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

35. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the thousands.

36. Plaintiff and all members of the Class have been harmed by the acts of Comenity, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

37. This Class Action Complaint seeks injunctive relief and money damages.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Comenity and/or its debt collectors.

39. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether such calls were made by or on behalf of Comenity;

    c. Whether Comenity can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

    d. Whether Comenity's conduct was knowing and/or willful;

    e. Whether Comenity is liable for damages, and the amount of such damages; and

    f. Whether Comenity should be enjoined from engaging in such conduct in the future.

  40. As a person who received telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

  41. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

  42. A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Comenity to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against Comenity is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

  43. Comenity has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Comenity constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Comenity's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT

**STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.**

48. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

49. The foregoing acts and omissions of Comenity constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

50. As a result of Comenity's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Comenity's violation of the TCPA in the future.

52. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Chase:

A. Injunctive relief prohibiting such violations of the TCPA by Comenity in the future;

B. As a result of Comenity's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Comenity's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class and Subclasses;

F. Such other relief as the Court deems just and proper.

Dated: August 4, 2015          By:  _/s/ Yongmoon Kim_

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (*pro hac vice* to be filed)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (*pro hac vice* to be filed)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (*pro hac vice* to be filed)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

KIM LAW FIRM LLC
Yongmoon Kim
Email:  ykim@kimlf.com
411 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Telephone:  (201) 273-7117
Facsimile:  (201) 273-7117

*Attorneys for Plaintiff and the Proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

## CERTIFICATION

Pursuant to <u>Local Civil Rule</u> 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  August 4, 2015           By:   */s/ Yongmoon Kim*

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Jonathan D. Selbin
(*pro hac vice* to be filed)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Daniel M. Hutchinson
(*pro hac vice* to be filed)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (*pro hac vice* to be filed)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

KIM LAW FIRM LLC
Yongmoon Kim
Email:  ykim@kimlf.com
411 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Telephone:  (201) 273-7117
Facsimile:   (201) 273-7117

*Attorneys for Plaintiff and the Proposed Class*

- 13 -